# Barber *v.* Minturn.

### In the Court below,

BENJAMIN G. MINTURN, and JOHN T. CHAMPLIN, of the City of New-York, *Plaintiffs ;* OLIVER BARBER, GEORGE W. BARBER, AARON HOSFORD, of Wethersfield, OLIVER GOODRICH, and AARON HOSFORD, of Hartford, *Defendants.*

In an action on note against several copartners, it is not a good defence for one of them, that *he* executed the note in the copartnership name, after the suit was instituted, and antedated it, with a view to secure to the attaching creditor the property attached, without the knowledge of the others.

An act of insolvency by the legislature of this State, discharging the insolvent from all his debts, may be pleaded in bar of an action on a contract entered into, in another State, with citizens of another State, to prevent judgment against the defendant *generally ;* but if, in such case, property had been attached before the passing of the act, a special judgment may be rendered, and execution issue against that property.

THIS was an action on note, by process of attachment, service whereof was made, on the 10th of February, 1797, on the copartnership property of the defendants, and also on the private property of *Oliver Goodrich,* one of the defendants.

The note purported to have been executed by the defendants, in their copartnership name, on the 1st of October, 1796, and made payable to the plaintiffs, on the 1st of January, 1797.

*Oliver Barber* pleaded in bar of the action, that he executed the note declared on after the suit was instituted, and antedated it, with a view to secure to the plaintiffs, in preference to other creditors, the property attached, without the knowledge of the rest of the defendants. To this plea the plaintiffs demurred.

The other three defendants (*George W. Barber* having died during the pendency of the suit) pleaded severally, that they brought their respective petitions to the General Assembly of the State of Connecticut, in May, 1799, praying for acts of insolvency in their favour; that they caused service thereof to be made upon the plaintiffs, by leaving copies with *Theodore Dwight*, Esq. their attorney; that the General Assembly continued said petitions to their next session in October, and ordered public notice of the pendency thereof to be given in the newspapers; that notice was accordingly given; and that in October, 1799, the General Assembly passed, on each of said petitions, a special act of insolvency, thereby discharging these defendants, respectively, from all their debts, whether of a copartnership, or a private, nature. The conditions, on which these discharges were to take effect, were alleged to have been performed.

The plaintiffs replied, that in February, 1797, they attached the property of the defendants, according to the indorsement of the officer on the writ, which was holden to respond the judgment in this suit. To this replication there was a demurrer.

The Superior Court rendered judgment for the plaintiffs, on all the issues, and granted execution against *Oliver Barber*, in common form, and against the other defendants, *to be levied on the property attached only*.

The defendants brought a writ of error, and assigned the general errors.

*Edwards*, (of New-Haven) and *Mills*, (of New-Haven) for the plaintiffs in error, contended,

T

1. That the plea of *Oliver Barber* was sufficient, for that executing the note in this way, was not a part of the business of the copartnership, and, therefore, not binding on the other partners, and if not on all, then not on any.

2. That by the acts of insolvency, the other defendants in the Court below were entirely discharged; and the property attached must go into the general mass for the benefit of all the creditors. The legislature, with all the facts in view, have thought proper to pass these acts, and the Courts of this State are bound to give them effect.

*Daggett* and *Dwight*, for the defendants in error, contended,

1. That it lay not in the mouth of *Oliver Barber* to make the defence, which he had set up.

2. That by our statute, the attaching creditors obtained a *lien* (*a*) which they could substantiate, and thereby secure themselves against all the other creditors. It is the policy of our law to give this preference.

BY THE WHOLE COURT,

The judgment was affirmed.

(*a*) Vide *Ingraham* v. *Phillips*, ante 117.